**IT IS ORDERED as set forth below:**

**Date: July 23, 2020**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| NACASHA LECA RUFFIN, | : | CASE NO 20-60067-JWC |
| Debtor. | : | |
| ------------------------------ | : | ------------------------------ |
| SELECT PORTFOLIO SERVICING, INC. | : | |
| AS SERVICER FOR U.S. BANK NATIONAL | : | |
| ASSOCIATION AS TRUSTEE FOR ANGEL | : | |
| OAK MORTGAGE TRUST I, LLC, 2018-3, | : | |
| MORTGAGE-BACKED CERTIFICATES, | : | |
| SERIES 2018-3, | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| | : | |
| NACASHA LECA RUFFIN, | : | |
| CHRISTIAN RUFFIN, Co-Debtor | : | |
| UNITED STATES TRUSTEE, Trustee, | : | |
| Respondents. | : | |
| | : | |

**AGREED ORDER ON MOTION FOR RELIEF**

U.S. Bank National Association as Trustee for Angel Oak Mortgage Trust I, LLC, 2018-3,

Mortgage-Backed Certificates, Series 2018-3 ("Secured Creditor") and Debtor, Nacasha Leca Ruffin ("Debtor"), by and through their attorneys of record, now enter into the below stipulation to agree to plan treatment of the real property commonly known as 7460 Wildercliff Dr, Atlanta, GA 30328-1144.

## RECITALS

A. On or about 5/22/2018, Debtor, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $1,840,000.00 on the property commonly known as 7460 Wildercliff Dr, Atlanta, GA 30328-1144 ("Subject Property").

B. On 1/2/2020, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Georgia.

C. The parties have conferred and agreed upon treatment of Secured Creditor's first lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

It is hereby **ORDERED:**

1. Secured Creditor holds a fully secured first lien on the Subject Property.

2. **Beginning 8/01/2020, Debtor agrees to make contractual payments to Secured Creditor, including the escrow payment, currently in the amount of $19,665.31 (principal and interest $13,169.27 + escrow $6,496.04).** These payments will be applied contractually to the loan as they are received. Debtor is aware this payment may fluctuate and are responsible for confirming that payment with Secured Creditor as needed.

3. The approximate contractual loan arrears as of 7/30/2020 totaling $269,039.75 (consisting of monthly payments from 4/1/2019 through 7/1/2020) will be deferred as a non-interest-bearing principal due as a balloon payment on the maturity date 6/1/2048.

4. Payments shall be made directly to Secured Creditor, Select Portfolio Servicing, Inc., at Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 2522, or as otherwise directed.

5. Secured Creditor will continue to impound this loan for taxes and insurance related to the Subject Property and charge a monthly escrow payment in addition to Debtor's monthly principal and interest payment.  Debtor is obligated to make the monthly escrow payment in addition to principal and interest payments.  Debtor understands that these amounts may fluctuate.

6. All escrow advances will remain due and owing on the loan and will be repaid through the escrow account on this loan.

7. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

8. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

9. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing.  Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence.  If Debtor fails to cure the default, Secured Creditor may file a motion and affidavit of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived.  Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject

Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

10. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor may proceed pursuant to the terms of the underlying Note and Deed of Trust, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further Court Order or proceeding being necessary.  Any and all default provisions included in Debtor's Chapter 11 Plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

11. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control.  In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

12. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation, or the terms of the stipulation are incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

*Remainder of page left intentionally blank --*

13. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

**[END OF DOCUMENT]**

Prepared and Submitted by:

/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor

Consented to by:

/s/ William A. Rountree
William A. Rountree, Esq.
GA State Bar No. 616503
Century Plaza I
2987 Clairmont Road
Suite 175
Atlanta, GA 30329
(404) 584-1244
wrountree@rlklawfirm.com
Attorney for Debtor

DISTRIBUTION LIST

Christian Ruffin
7460 Wildercliff Dr
Atlanta, GA 30328

Nacasha Leca Ruffin
7460 Wildercliff Drive
Atlanta, GA 30328

William A. Rountree, Esq.
Century Plaza I
2987 Clairmont Road
Suite 175
Atlanta, GA 30329

United States Trustee, Trustee
Office of the US Trustee
75 Ted Turner Drive, SW, Suite 362
Atlanta, GA 30303

Lisa F. Caplan, Esq.
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071