**IT IS ORDERED as set forth below:**

**Date: December 19, 2020**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| In Re: | CASE NO. 20-60067 |
|---|---|
| **NACASHA LECA RUFFIN,** | |
| Debtor. | **CHAPTER 11** |

### ORDER GRANTING
### EMERGENCY MOTION TO SELL REAL PROPERTY

This matter came before the Court for hearing on December 17, 2020 on Debtor's Emergency Motion to Sell Real Property (the "**Emergency Motion**"),[1] which requests, among other things, entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules")** approving the sale of certain real property (the "**Sale**") detailed in the Purchase Agreement attached as **Exhibit B** to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion (the "**Purchase Agreement**"); the Court having reviewed and considered the Emergency Motion, the arguments of counsel, and the evidence presented at the hearing on the Motion; and no parties in interest having objected to the Emergency Motion; and it appearing that the relief requested in the Emergency Motion is in the best interests of the Debtor, its bankruptcy estate, and all creditors and other parties in interest; and sufficient notice of the Emergency Motion having been given to all creditors and parties in interest; and after due deliberation thereon, and good cause appearing therefore, it is hereby ORDERED as follows:

1. The Emergency Motion is GRANTED as set forth herein.

2. The Purchase Agreement, including any amendments, supplements, and modifications thereto, and all of the terms and conditions therein, is hereby APPROVED.

3. The Debtor may sell the Property free and clear of all liens, claims and encumbrances, because one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

4. As shown in the Debtor's schedules [Doc. 22], two creditors assert liens on the Property (collectively, the "**Secured Creditors**"):

    a. Republic Bank; and

    b. Access Capital for Entrepreneurs ("**ACE**").

5. Upon closing of the Sale, all liens, claims, and encumbrances on the Property shall attach to the proceeds of the Sale to the same extent, validity, and priority as they existed on the Petition Date. The lien of ACE shall attach to any proceeds in excess of the amount that Republic Bank is owed.

6. The Debtor is authorized to pay the liens of the Secured Creditors at closing.

7. The Debtor is authorized to take all actions necessary to close the Sale and to comply with the Purchase Agreement.

8. The Court shall retain jurisdiction to enforce and implement the terms and provisions of the Purchase Agreement and this Order.

9. Notwithstanding any rule to the contrary, the provisions of this Order shall be immediately effective and enforceable upon its entry.

10. Counsel for Debtor shall serve this Order upon all interested parties. Debtor's counsel shall file a certificate of service within three (3) days of the entry of this Order.

### ### END OF ORDER ###

Prepared and Presented by:

ROUNTREE LEITMAN & KLEIN, LLC

*/s/ Elizabeth Childers*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Elizabeth Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
echilders@rlklawfirm.com
*Attorneys for the Debtor*

No objection by:

NANCY J. GARGULA
UNITED STATES TRUSTEE
Region 21

*/s/ Thomas W. Dworschak*
THOMAS W. DWORSCHAK
Georgia Bar No. 236380
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia  30303
(404) 331-4437, ext. 145
Thomas.w.Dworschak@usdoj.gov